IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>RODNEY V. HOWIE,<br>Defendant. | Case No. 17–CR–40011–JPG–5 |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Rodney V. Howie's Motion for Compassionate Release, (ECF No. 563), and Motion to Appoint Counsel, (ECF No. 564).[1] For the reasons below, the Court **DENIES** both motions.

### I. PROCEDURAL & FACTUAL HISTORY

#### A. The Conviction

In 2017, a federal grand jury in this District indicted Howie for conspiring to distribute methamphetamine. (Second Superseding Indictment 1, ECF No. 101). He pleaded guilty the next year, (Plea Agreement 1, 10, ECF No. 394); and the Court sentenced him to a 174-month term of imprisonment, (Judgment 2, ECF No. 481). He is currently incarcerated at the Medical Center for Federal Prisoners in Springfield, Missouri ("MCFP Springfield"). (Def.'s Mot. for Compassionate Release at 1).

#### B. The Presentence Investigation Report

Before sentencing, the Court considered the Presentence Investigation Report ("PSR") prepared by the U.S. Probation Office, which provided information about the nature and circumstances of the offense and Howie's background. (PSR 1, ECF No. 462).

---

[1] The Court notes that the Federal Public Defender's Office entered an appearance on Howie's behalf despite never having been appointed. (Notice of Appearance 1, ECF No. 566).

According to the PSR, state and federal law-enforcement officers in 2015 worked together to uncover a ten-person conspiracy to distribute methamphetamine across Southern Illinois. (*Id.* at 5). "The investigation revealed large amounts of methamphetamine in ice form . . . were being introduced into" the region "from Cape Girardeau, St. Louis, and Kansas City, Missouri, as well as Las Vegas, Nevada. The ice obtained from Missouri was sold by individuals who were involved with a Mexican drug cartel producing the high-quality ice." (*Id.*) The "[c]o-conspirators often pooled their money to make purchases in one-ounce or higher amounts." (*Id.*). Howie participated in the conspiracy with his wife, who was also indicted. (*Id.* at 6). Together, they "made weekly trips. .. to Missouri to obtain ice. Mr. Howie sold ice in ounce and smaller quantities, and he carried a firearm during drug transactions." (*Id.*). The total relevant conduct, which "span[ned] from at least late 2015 through early 2017," totaled "2.47 kilograms of ice." (*Id.* at 8).

Before committing this offense, Howie pleaded guilty to at least 11 other crimes from 1993 to 2016, including: a 2003 conviction for battery when he struck his then-girlfriend "in the face and body"; a 2007 conviction for domestic battery when again struck his now-wife "on the face with his fist"; a 2016 conviction for unlawful possession of methamphetamine when he was caught smoking methamphetamine with a glass pipe in his car; and three convictions for driving under the influence. (*Id.* at 10–13).

### C. Howie's Motion for Compassionate Release

In 2020, Howie moved for a sentence modification under 18 U.S.C. § 3582(c)(1)(A), also called *compassionate release*. (Def.'s Mot. for Compassionate Release at 1). He contends that serious medical conditions—"the combination of 30 years of smoking, elevated blood-pressure, and along with his age (51)"—make him especially vulnerable to the COVID-19 virus. (*Id.* at 3).

The COVID-19 virus, of course, is now a global pandemic. At MCFP Springfield, 56 inmates currently have COVID-19; 233 have recovered; and eight have died. *Coronavirus*, Bureau of Prisons (last visited Dec. 1, 2020).[2] In brief, Howie argues that his increased risk of experiencing serious complications if he contracts COVID-19 is an *extraordinary and compelling reason* warranting his release. (Def.'s Mot. for Compassionate Release at 1).

## II. LAW & ANALYSIS

The Court recognizes that compassionate release is appropriate for some defendants considering the COVID-19 pandemic. Even so, the defendant bears the burden of showing *not only* that he faces an increased from the virus, *but also* that incarceration is no longer necessary to advance the purposes of punishment (i.e., justice, deterrence, incapacitation, and rehabilitation). Howie failed to meet that burden.

### A. Legal Standard

District courts generally "may not modify a term of imprisonment once it has been imposed . . . ." 18 U.S.C. § 3582(c). That said, an exception exists for when "extraordinary and compelling reasons warrant such a reduction . . . ." *Id.* § 3582(c)(1)(A)(i). Even then, however, the sentencing judge must still "consider[] the factors set forth in section 3553(a) to the extent that they are applicable . . . ." *Id.* § 3582(c)(1)(A). The burden of proof rests on the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

---

[2] *Available at* https://www.bop.gov/coronavirus.

The § 3553(a) factors include:

    (1)    the nature and circumstances of the offense and the history and characteristic of the defendant;

    (2)    the need for the sentence imposed—

        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)    to afford adequate deterrence to criminal conduct;

        (C)    to protect the public from further crimes of the defendant; and

        (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)    the kinds of sentences available;

    (4)    the kinds of sentence and the sentencing range established for—

        (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . or;

        (B)    in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . .;

    (5)    any pertinent policy statement—

        (A)    issued by the Sentencing Commission . . .; and

        (B)    that . . . is in effect on the date the defendant is sentenced[;]

    (6)    the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

"The judge need not address every factor 'in checklist fashion, explicitly articulating its conclusions regarding each one.' " *See United States v. Kappes*, 782 F.3d 828, 845 (7th Cir. 2015) (quoting *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008)). It is enough to "simply give an adequate statement of reasons, consistent with § 3553(a), for thinking" that a sentence modification is, or is not, appropriate. *See Shannon*, 518 F.3d at 496.

### B. The § 3553(a) Factors Weigh Against Compassionate Release

The Court acknowledges the particular danger posed by the COVID-19 pandemic to prisoners, who live in close quarters and often cannot practice social distancing. "But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The Bureau of Prisons is in the best position to know which inmates are most vulnerable to infection and whether they still pose a public-safety risk. And since March 2020, BOP has released over 8,000 inmates that it has identified as "suitable for home confinement." *Coronavirus*, BOP (last visited Dec. 1, 2020).[3] Although not bound by any BOP determination, the Court gives BOP some deference in this area "considering [its] statutory role, and its extensive professional efforts to curtail the virus's spread." *Raia*, 954 F.3d at 597.

With that in mind, the § 3553(a) factors weigh against a sentence modification here. Howie pleaded guilty to a very serious drug offense. Thankfully, "[h]e knows what he did was wrong and that he needs to be punished for his actions." (Def.'s Mot. for Compassionate Release at 3). Mere acknowledgment, however, does little to ease the Court's concern for the safety of the community. Howie's extensive criminal history—which includes another drug conviction, among other reprehensible acts—suggests that he has long known that his conduct was wrong yet continued

---

[3]   *Available at* https://www.bop.gov/coronavirus/.

anyway. True enough, people can change. But Howie, sentenced just two years ago, makes no suggestion that he is one of those people. Rather, even given the COVID-19 virus and Howie's increased vulnerability to it, his continued incarceration remains necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment and drug treatment, and to adequately deter Howie and others from committing further crimes.

### III. CONCLUSION

The Court **DENIES** Defendant Rodney V. Howie's Motion for Compassionate Release and Motion to Appoint Counsel.

**IT IS SO ORDERED.**

**Dated: Tuesday, December 1, 2020**

**S/J. Phil Gilbert**
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
